**John FELDE, Plaintiff,**

v.

**CITY OF SAN JOSE, Defendant,**

**San Jose Police Officers Association, and International Association of Firefighters, Local 230, Intervenors.**

**No. C–93–20228–RMW (EAI).**

United States District Court,
N.D. California.

Jan. 6, 1994.

Peter A. Janiak, San Jose, CA, for plaintiff.

George Rios, Asst. City Atty., San Jose, CA, for defendant.

John Tennant, Carroll Burdick & McDonough, San Francisco, CA, for San Jose Police Officers Ass'n.

Christopher E. Platten, Wylie McBride Jesinger Sure & Platten, San Jose, CA, for Intern. Ass'n of Firefighters, Local 230.

## ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT DENYING SUMMARY JUDGMENT FOR PLAINTIFF AND DENYING LEAVE TO AMEND

WHYTE, District Judge.

Plaintiff John Felde ("Felde" or "plaintiff") and defendant City of San Jose's ("the City") motions for summary judgment and Felde's motion for leave to amend his complaint were heard on December 10, 1993. The court has read the moving and responding papers as well as the papers submitted by intervenors the International Association of Firefighters, Local 230 ("IAF") and the San Jose Police Officers' Association ("SJPOA") and heard the oral argument of counsel. Good cause appearing therefor, the City's motion for summary judgment is granted, and Felde's motion for summary judgment is denied. Felde's motion to amend is also denied.

### I. Background

Felde, a former Deputy Chief of the San Jose Fire Department, filed the instant action to challenge the legality of the method used by the City of San Jose to determine plaintiff's reimbursement for unused accumulated sick leave when plaintiff retired. Plaintiff contends that the City's current practice, which differentiates between employees retiring on a regular service basis and those retiring on a disabled basis, violates the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

Plaintiff retired from the San Jose Fire Department on January 7, 1993, on service-connected disability basis. Because plaintiff did so, he received a sick leave payout of only 80% of 1200 hours even though he had accumulated a greater amount of unused sick leave. This calculation was pursuant to Resolution No. 51871, as amended by an agreement between the City, the IAF and the SJPOA.

Another resolution, Resolution No. 64214, adopted by the City on December 8, 1992, provides, in part, for payment to retirees for 100% of their accrued, unused sick leave if the retiree has accumulated over a minimum amount of unused sick leave, has over a certain amount of service in the retirement system, and retires on a regular, service basis. The City admits that it adopted this resolution to encourage disability qualified police officers and firefighters to continue working until they reach retirement age. Except for the fact that plaintiff retired on a disability basis, he qualifies for a full payout of his unused sick leave under this resolution. Two of plaintiff's fellow Deputy Chiefs retired on the same day he did. Because plaintiff's colleagues retired on a non-disability basis, their sick leave was calculated pursuant to Resolution No. 64214 and they received 100% of their accrued, unused sick leave.

It is undisputed that under these two ordinances plaintiff received a proportionally smaller payout for unused sick leave when he retired on a disability basis than similarly-situated individuals who did not retire on a disability basis. It is also undisputed, however, that plaintiff could have retired on a regular service basis and that, prior to retirement, Felde was aware of both that fact and that Resolution No. 64214 applied to his position.

Felde contends that the City's differentiation between disability and non-disability retirement benefits constitutes a violation of the ADA on its face and seeks, among other relief, payment for his uncompensated accumulated sick leave. Both plaintiff and defendant have moved for summary judgment. On October 8, 1993, this court granted the motions to intervene of IAF and SJPOA.

Both IAF and SJPOA have filed briefs in support of the City's motion for summary judgment.

## II. Legal Standards for Summary Judgment

■ Under Fed.R.Civ.Pro. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The entry of summary judgment is mandated, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. Analysis of Discrimination Claim

■ Plaintiff argues that the City's scheme violates the ADA as set forth in 42 U.S.C. §§ 12112(a)–(b). Section 12112(a) provides:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

Pursuant to § 12112(b), discrimination under subsection (a) includes:

(1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

(2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's applicant or employee to the discrimination prohibited by this subchapter ...

(3) utilizing standards, criteria, or methods of administration—

(A) that have the effect of discrimination on the basis of disability;

•    •    •    •    •

Plaintiff argues that the City's scheme discriminated against him because when he retired on a disabled basis, as he was entitled to do, he did not receive a full payout of his unused sick leave pay. Therefore, plaintiff claims the City has violated the ADA. The City counterargues that, because it is undisputed that plaintiff could have retired on a service basis and obtained a full payout of his unused sick leave, the scheme cannot be considered discriminatory under the ADA.

The interpretive guidance provided by the Equal Employment Opportunity Commission ("EEOC") on Title I of the ADA indicates that benefits reductions adopted for discriminatory reasons are in violation of the regulations prohibiting discrimination under this statute. *See* 29 C.F.R. Pt. 1630 App., § 1630.5 at 412 (1993). The EEOC guidelines refer to *Alexander v. Choate,* 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985), a case decided under the Rehabilitation Act of 1973 (29 U.S.C. § 794) on this point. The *Choate* court rejected the notion that all disparate-impact showings constituted *prima facia* showings of discrimination under the Rehabilitation Act. 469 U.S. at 299, 105 S.Ct. at 719. To constitute discrimination, the grantee of a benefit must deny an otherwise qualified handicapped individual equal and meaningful access to a benefit offered by that grantee. *Id.* at 306, 105 S.Ct. at 722. Here, is it undisputed that plaintiff had access to the benefit he now seeks, but decided to retire on a disability basis. Accordingly, the City's actions are not discriminatory under the ADA. *See also Britt v. E.I. DuPont de Nemours & Co., Inc.,* 768 F.2d 593, 595 (4th Cir.1985) (program requiring deferral of pension benefits by pension-eligible employees to receive severance pay for voluntary retirement did not violate Age Discrimination in Employment Act where participation in the program was voluntary).

Plaintiff argues that he did not really have the option to choose service retirement because by choosing service retirement he would have had to forego special tax advantages available only to the disabled. This

argument misses the point. The ADA protects disabled individuals from being discriminated against *because* they are disabled. It, therefore, requires an employer to treat qualified disabled and nondisabled workers equally in terms of the conditions and privileges of employment. The ADA does not, however, require employers to somehow compensate a disabled worker for his or her disability. In reality, plaintiff is seeking special rather than simply nondiscriminatory treatment. The City's failure to provide him with such special treatment does not violate the ADA. All of the cases plaintiff cites to support his position involve situations where a plaintiff was being excluded from a program that offered benefits that the plaintiff wanted. *See e.g. Arizona Governing Committee v. Norris,* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983) (women excluded from receiving same annuity benefits as men); *EEOC v. Borden's, Inc.,* 724 F.2d 1390 (9th Cir.1984); *City of Los Angeles v. Manhart,* 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978). The City's program did not exclude Felde.

Certainly, there may be ways of encouraging disabled firefighters to work to service retirement age and also pay them 100% of their unused sick leave. However, whether or not a better plan might exist is not the issue before this court. The question is whether or not the plan that does exist discriminates against plaintiff. The court holds that it does not.

### IV. Leave to Amend

Plaintiff also seeks leave to amend his complaint to add a cause of action under Title II of the ADA. Federal Rule of Civil Procedure 15 governs amendments and states that "leave shall be freely given when justice so requires." However, in the exercise of its discretion, a district court may properly consider "the delay in the desired amendment, the fact that there was a pending summary judgment motion, and the futility of most of the proposed claims." *Schlacter–Jones v. General Telephone,* 936 F.2d 435, 443 (9th Cir.1991).

Felde argues that granting him leave to amend his complaint would not prejudice the City and notes that the City has agreed to such an amendment in a related case. Both these arguments fail to address the fact that the City has a pending dispositive motion before this court. To add a cause of action at this point would delay without sufficient justification the final resolution of this case. "The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave." *Schlacter–Jones,* 936 F.2d at 443.

Moreover, Felde has not offered a persuasive explanation for wishing to add a new legal theory based on the same facts at this late date. Finally, and most importantly, allowing Felde to add a cause of action under Title II of the ADA would be futile in light of the court's reason for granting the City's summary judgment motion. Although Titles I and II are not identical, they both require the plaintiff to demonstrate discrimination. The court granted summary judgment in favor of the City because Felde had failed to show any discrimination. Therefore, granting plaintiff leave to amend would be futile.

### V. Order

Good cause appearing therefor, Felde's motion for summary judgment is denied and the City's motion for summary judgment is granted. Felde's motion for leave to amend is denied.