Dino CADELLI, Appellant,

v.

**FORT SMITH SCHOOL DISTRICT,**
Appellee.

No. 93–3689.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1994.

Decided May 3, 1994.

Eileen C. Kradel, Fort Smith, AK, argued, for appellant.

Richard L. Spearman, Fort Smith, AK, argued, for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and NANGLE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Dino Cadelli appeals from a final judgment entered in the United States District Court [1] for the Western District of Arkansas, upon a bench trial, finding that his employer, Fort Smith School District (School District), did not violate his rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. Cadelli v. Fort Smith School District,* 852 F.Supp. 789 (W.D.Ark.1993). For reversal, Cadelli argues that the district court erred in concluding he was not a victim of discrimination based on handicap. For the reasons discussed below, we affirm the judgment of the district court.

Cadelli, who suffers from "Anxiety Panic Disorder" (APD) which is accompanied by panic attacks, obsessional thinking and fearfulness, was a science teacher for close to 23 years in the School District. Cadelli's physicians have placed him on a drug called Nardil which allows him to cope with most everyday life situations. Cadelli's APD was aggravated in 1971 as a result of a car accident. In addition, the car accident caused him short-term memory and hearing deficits and other emotional and physical problems.

On December 21, 1990, Cadelli applied for disability retirement from the Board of Trustees of the Arkansas Teacher Retirement System, which was approved, and he currently remains on disability retirement and receives benefits of $966.42 per month. Cadelli claims he was forced to retire by the discriminatory treatment he received from the School District. The following course of events led Cadelli to request disability retirement.

Cadelli first became employed as a science teacher by the Fort Smith School District (School District) in 1968 at the Kimmons Junior High School. Cadelli was certified by the State of Arkansas to teach a variety of science courses and as a school counselor. Cadelli holds master's degrees in science and education.

Shortly after his car accident in 1971, Cadelli began teaching at the School District's Alternative School. Two years later he was transferred to Southside High School where he taught science for several years. In 1984 Cadelli requested and was granted a transfer back to Kimmons Junior High, where he taught science and health. During the 1988–89 school year, while Cadelli was still teaching science at Kimmons, a personality conflict developed between Cadelli and the school's principal. Soon thereafter, Cadelli requested and was granted a transfer to Northside High School for the remaining 1989–90 school year.

Because no teaching assignments were available at Northside at the time of his transfer, Cadelli's position consisted of patrolling the halls and grounds of the school, and occasionally monitoring special classrooms and study halls. Cadelli viewed this job as demeaning in light of his credentials. At the close of the 1989–90 school year, Cadelli requested to teach a few science classes during the 1990–91 school year. Cadelli was assigned six life science classes for the 1990–91 school year.

Cadelli complained about the heavy course load he carried. Cadelli also complained

* The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

about the fact that he was assigned to four classrooms and did not have a permanent classroom or workstation in which he could keep classroom materials. He was provided with a file cabinet upon request. Cadelli also encountered discipline problems with students in his science classes which he claims aggravated his APD and caused his blood pressure to rise and loss of sleep. The School District provided Cadelli with counseling in an effort to help him maintain control over his classes.

In October 1990 Cadelli applied for a position as counselor at Alternative School, a school for students with discipline problems. The School District selected another applicant for the position. At that time, Cadelli requested a mid-year change of teaching assignments at Northside and that his academic load be reduced from six classes to four or five. The principal at Northside, Bill Bardrick, denied his request, explaining that he could not change the schedule during the course of the year without undue disruption to faculty and students. Bardrick suggested that Cadelli take advantage of the School District's sick leave policy and take sick leave for the rest of the school year. Bardrick promised to change Cadelli's schedule for the following school year.

Shortly thereafter, Cadelli wrote Bardrick seeking information on disability retirement. In his letter, Cadelli indicated that if he could not complete the school year, he wanted to be in a position to retire. In October 1990 Cadelli sent a letter to the Arkansas Teacher Retirement System stating that he wished to apply for "medical disability" because of some "very serious health problems." Cadelli requested that the appropriate retirement forms be sent to him. No person connected with the School District ever broached the subject of retirement with Cadelli.

In December 1990 Cadelli applied to the Arkansas Teacher Retirement System for "medical disability" retirement asserting that he was incapacitated from further performance of his duties as a teacher. Cadelli's application was accompanied by a letter from his physician certifying that Cadelli's physical and emotional ailments rendered him unable to continue in his teaching career. The Arkansas Teacher Retirement System approved Cadelli's disability retirement in March 1991.

In his lawsuit, Cadelli contended that the School District coerced him to seek retirement and discriminated against him on the basis of his handicap. The district court found that he had voluntarily retired and was therefore barred from seeking the relief he requested. *See Arneson v. Heckler*, 879 F.2d 393, 396 (8th Cir.1989) (if the choice to retire is freely made, plaintiff surrenders all claims to his former position). The district court also found that Cadelli was not an "otherwise qualified individual with handicaps" within the meaning of § 504 of the Rehabilitation Act. Because we agree with the district court's finding that Cadelli voluntarily retired, we need not reach the merits of his handicap claim. Accordingly, we affirm the judgment of the district court. *See* 8th Cir.R. 47B.