Valarie AUGHE and Dallas Loghry, behalf of themselves and others similarly situated, Plaintiffs,

v.

Donna SHALALA, Secretary of U.S. Department of Health and Jean Soliz, Secretary of Washington State Department of Social and Health Services, Defendants.

No. C94–1237D.

United States District Court, W.D. Washington, at Seattle.

Feb. 21, 1995.

Yvette Hall War Bonnet, Elizabeth Schott, Evergreen Legal Services, Snohomish County Office, Everett, WA, for plaintiffs.

Charles Pinnell, Asst. U.S. Atty., Evelyn McChesney, Asst. Regional Counsel, Office of General Counsel of Dept. of Health and Human Service, Seattle, WA, Dana Marie Reid, Asst. Atty. Gen., Olympia, WA, for defendants.

## ORDER DENYING PLAINTIFFS' MOTIONS AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

DIMMICK, Chief Judge.

THIS MATTER comes before the Court on five motions by the parties. The plaintiffs seek summary judgment against both the federal and state governments. In addition, the plaintiffs move to certify a class action and to amend the complaint to add another party. Both the state and federal governments have made cross motions for summary judgment. The Court, having considered the motions, memoranda, and affidavits submitted by the parties and having heard oral argument, hereby grants the summary judgment motions of the state and federal governments. Plaintiff's motion to amend the complaint is denied as futile, and plaintiff's motion to certify a class is denied.

### I

The plaintiffs in this case are Dallas Loghry and his mother Valarie Aughe. Loghry, who recently turned eighteen years of age, is a full-time student in the Everett School District. Loghry apparently suffers from a learning disability that has impaired his learning progress.

Aughe has received Aid for Families with Dependant Children ("AFDC"), 42 U.S.C. § 601 et seq., from Washington Department of Social and Health Services. When Loghry turned eighteen, DSHS terminated AFDC benefits because Loghry would not complete high school by his nineteenth birthday and was thus deemed ineligible for further benefits. See 42 U.S.C. § 606(a). Aughe appealed the termination of benefits, which was upheld by the administrative law judge.

Aughe brought this lawsuit, contending that this application of Section 606(a) violates the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. In addition, Aughe contends that Section 606(a) violates the equal protection guarantees of the United States Constitution.

Aughe brings the instant summary judgment motions against Donna Shalala, Secretary of U.S. Department of Health and Human Services Department ("Shalala" or the "federal government"); and Jean Soliz, Secretary of DSHS ("Soliz" or the "state government"). In addition, Aughe seeks to have a class action certified and asks that the Court grant her motion to amend her complaint so that she can add an additional class member. Both Shalala and Soliz have brought cross motions for summary judgment.

### II

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of establishing that it is entitled to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If the moving party meets its burden under Rule 56(c), the burden shifts to the nonmoving party to present evidence that creates a genuine issue of material fact. Fed.R.Civ.P. 56(e). To create a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586,

106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)).

> [I]t is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). In determining whether to grant summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

## III

AFDC, a welfare program for dependant children and their parent or relative who provides care, is jointly funded by the federal and state governments. *See* 42 U.S.C. § 601. Each state administers its own plan, which must meet federal guidelines and which must be approved by the Secretary of U.S. Department of Health and Human Services Department. *See* 42 U.S.C. § 602.

Section 606(a) of the AFDC defines a "dependant child" as a needy child who is deprived of parental support because of death, absence, or incapacity of one parent and who is living with the other parent or certain specified relatives and who meets an age requirement. To meet the age qualification, the child must be "(A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training)." *Id.* § 606(a)(2). The Washington AFDC plan has opted for the second age requirement, and thus provides benefits for those "children" who are between eighteen and nineteen years of age and who are expected to finish secondary school (or a votech program) before their nineteenth birthday.

In this case, Aughe contends that Loghry could not finish his secondary school program by age nineteen because of a learning disability, and thus could not meet the age requirement. She asserts that that requirement is not essential or necessary to the AFDC program and that application of the requirement in this case violates both the ADA and the Rehabilitation Act. Even if the requirement is essential or necessary to the program, asserts Aughe, the ADA and the Rehabilitation Act still require reasonable modification. She asserts that waiving completion before nineteen would be a reasonable modification. Aughe also contends that the completion before nineteen creates an impermissible classification that does not serve a legitimate governmental interest, thereby violating equal protection guarantees.

The federal government contends that Loghry was not denied benefits because he was handicapped, but rather because he was not expected to finish his secondary education by age nineteen. Because he is not "otherwise qualified" for benefits, asserts the federal government, denial of such benefits does not violate the Rehabilitation Act. In addition, the federal government contends that the same result should obtain under the ADA because regulations governing that act are consistent with those governing the Rehabilitation Act. The federal government also asserts that even if the completion by age nineteen has a disparate impact on the handicapped, that fact alone does not establish a violation of the ADA. Finally, the federal government asserts that the age requirement is rationally related to a legitimate government interest—saving money and preserving AFDC funds for children and their families—and thus does not violate equal protection guarantees.

The state government argues that it must follow federal law defining "dependant child" or risk losing federal funding. The state government also contends that nothing in the ADA or the Rehabilitation Act is meant to

repeal the AFDC's completion by age nineteen requirement. Finally, the state government asserts that the completion by age nineteen is rationally related to the government's interest in allocating finite resources and to the state government's interest in obtaining matching federal funds.

## A

The first question presented is whether the AFDC as interpreted violated the Rehabilitation Act. The relevant portion of the Rehabilitation Act reads as follows:

> No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794. To obtain relief under this section, "a plaintiff must show (1) that he is handicapped within the meaning of the act, (2) that he is 'otherwise qualified' for the services sought, (3) that he was excluded from the services sought 'solely by reason of his handicap,' and (4) that the program in question receives federal financial assistance." *Dempsey ex rel. Dempsey v. Ladd,* 840 F.2d 638, 640 (9th Cir.1987).

■ While Aughe concedes that Loghry cannot meet the AFDC's "completion by age nineteen" requirement, she asserts that that requirement is not an essential one. Accordingly, she asserts that the requirement can be waived as a reasonable modification. She cites two cases to support this position: *University Interscholastic League v. Buchanan,* 848 S.W.2d 298 (Tex.Ct.App.1993); and *Pottgen v. Missouri State High School Activities Ass'n,* 857 F.Supp. 654 (E.D.Mo.1994). In each of those cases, the trial court found that an athletic association's rule barring participation of student athletes over nineteen violated the Rehabilitation Act when the athletes had been held back from school because of a prior learning disability. *See Buchanan,* 848 S.W.2d at 302; *Pottgen,* 857 F.Supp. at 664.

As the federal government argues, however, these cases are distinguishable because the rule in each case was an age eligibility policy promulgated by a voluntary athletic association, which could have been waived by the association. In contrast, the rule in this case is a federal statute that neither the state government nor Shalala can waive. Moreover, *Pottgen* has been reversed by the Eight Circuit Court of Appeals. *See Pottgen v. Missouri State High School Activities Ass'n,* 40 F.3d 926 (8th Cir.1994).

In *Pottgen,* the Eight Circuit recognized that to be "otherwise qualified," an individual need not meet all requirements; rather, an individual must meet only those requirements that are necessary or essential." *Pottgen,* 40 F.3d at 929. The plaintiffs in the instant case advance the same argument that the Eighth Circuit rejected: That waiving the age requirement was a reasonable accommodation that made the plaintiff otherwise qualified. "The [trial] court framed the issue as not whether Pottgen meets all of the eligibility requirements, but rather whether reasonable accommodations existed. We disagree. A Rehabilitation Act analysis requires the court to determine both whether an individual meets all of the essential eligibility requirements *and* whether reasonable modifications exist." *Id.*

The Court then found that the *Pottgen* plaintiff could not meet the age requirements in spite of his handicap and that the age requirement was an essential portion of the program:

> An age limit helps reduce the competitive advantage flowing to teams using older athletes; protects younger athletes; protects younger athletes from harm; discourages student athletes from delaying their education to gain athletic maturity; and prevents over-zealous coaches from engaging in repeated red-shirting to gain a competitive advantage. These purposes are of immense importance in any interscholastic sports program.

*Id.* Here, as in *Pottgen,* the completion by age nineteen is an essential part of the program. The AFDC is designed to help children (i.e. those under eighteen years of age) and their families. By cutting off aid to those over eighteen the fiscal viability of the AFDC can be maintained.

The *Pottgen* court also recognized that even if the plaintiff could not meet the requirement, he could be "otherwise qualified" if "reasonable accommodations would enable him to meet the age limit." *Id.* "Reasonable accommodations do not require an institution 'to lower or to effect substantial modifications of standards to accommodate a handicapped person.' [*Southeastern Community College v. Davis,* 442 U.S. 397, 413, 99 S.Ct. 2361, 2371, 60 L.Ed.2d 980 (1979) ]. Accommodations are not reasonable if they impose 'undue financial and administrative burdens' or if they require a 'fundamental alteration in the nature of [the] program.' [*School Bd. of Nassau County v. Arline,* 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987).]" *Pottgen,* 40 F.3d at 930.

In *Pottgen,* the Court again rejected an argument made by Aughe—that waiving the age requirement is a reasonable modification:

> Waiving an essential eligibility standard would constitute a fundamental alteration in the nature of the baseball program. Other than waiving the age limit, no manner, method, or means is available which would permit Pottgen to satisfy the age limit. Consequently, no reasonable accommodations exist.
>
> Since Pottgen can never meet the essential eligibility requirement, he is not an "otherwise qualified" individual. Section 504 was designed only to extend protection to those potentially able to meet the essential eligibility requirements of a program or activity.

*Id.* As in *Pottgen,* no modification short of waiving the "completion by nineteen" requirement could make Loghry into an "otherwise qualified individual." Because that would essentially rewrite the statute, it must be seen as a fundamental alteration in the nature of the program. In addition, such an alteration could impose an undue financial burden on the program. Accordingly, the completion by age nineteen requirement does not violate the Rehabilitation Act.

**B**

Aughe also argues that the completion by age nineteen requirement violates the ADA.

The relevant portion of the ADA reads as follows:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. A "qualified individual with a disability" is defined as "an individual who, with or without reasonable modifications to rules, policies, or practices ... meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). As Aughe recognizes, the requirements of the ADA and the Rehabilitation Act are governed by the same regulations and thus the analysis under both is similar. *See Pottgen,* 40 F.3d at 930.

The *Pottgen* court stated the analysis under the ADA as follows:

> To determine whether Pottgen was a "qualified individual" for ADA purposes, the district court conducted an individualized inquiry into the necessity of the age limit in Pottgen's case. Such an individualized inquiry is inappropriate at this stage. Instead, to determine whether Pottgen is a "qualified individual" under the ADA, we must first determine whether the age limit is an essential eligibility requirement by reviewing the importance of the requirement to the interscholastic baseball program. If this requirement is essential, we then determine whether Pottgen meets this requirement with or without modification. It is at this later stage that the ADA requires an individualized inquiry.

*Id.* at 930–31. Relying on its Rehabilitation Act analysis, the *Pottgen* court concluded that the age limit was an essential requirement and that waiver of the age limit was not a reasonable modification. *Id.* at 931.

As was demonstrated in Section III A, *supra,* the "completion by age nineteen" requirement is an essential requirement of the AFDC program, which is designed to help dependant children. The only accommodation that could make Loghry eligible for

AFDC is waiver of an essential element of the plan. Such waiver, which could impose an undue financial burden or which could fundamentally alter the nature of the program, is thus not required. *See Arline,* 480 U.S. at 287 n. 17, 107 S.Ct. at 1131 n. 17. Thus, the ADA does not require modification of the program.

**C**

In a "Submission of Supplemental Authority," Aughe brought a recent Vermont Supreme Court case to the Court's attention. In that case, *Howard v. Department of Social Welfare,* 655 A.2d 1102 (Vt.1994), the Court applied the ADA to the Vermont version of the AFDC and held that the graduation by age nineteen requirement was not an essential element of that program and that accordingly plaintiffs were "qualified individuals" under the ADA.

As the state and federal governments argue, this Court is not bound by the *Howard* case, which made two critical errors in interpreting federal law. First, the court mistakenly determined that the graduation by nineteen requirement was not an essential element of the AFDC program. *Compare Howard,* 655 A.2d at 1108, *with Pottgen,* 40 F.3d at 930. Secondly, without extended discussion or analysis, the court erroneously found that the Health and Human Services Department would likely find that waiver of the completion by age nineteen requirement was a reasonable modification. *See Howard,* 655 A.2d at 1108, ("We see no reason that HHS would not consider the same modification to be reasonable when applied to a benefit program."). Finally, *Howard* is distinguishable in that it addressed a Vermont statute that extended benefits, if appropriated by the legislature, to full time students under the age of twenty one. *See id.*

In enacting the AFDC, Congress determined that the completion by age nineteen requirement was an essential element of that program. It may well be that a better social policy would extend benefits to those who are between eighteen and nineteen and who remain in school full time. That policy, however, is for Congress, and not this Court, to determine.

No genuine issues of material fact remain, and the federal and state governments are entitled to a judgment as a matter of law. Accordingly, summary judgment in their favor will be granted.

**IV**

■ Aughe also asserts .that, even if the ADA and Rehabilitation Act do not require invalidation of the completion before nineteen requirement, that requirement violates the Constitution's equal protection guarantees. As Aughe recognizes, legislation that distinguishes between the mentally ill and others need only be rationally related to a legitimate government interest. *See City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 446, 105 S.Ct. 3249, 3257–58, 87 L.Ed.2d 313 (1985). Here, the completion by age nineteen is rationally related to the government's interest in saving money and preserving the AFDC as a program for children and their families. Accordingly, the equal protection challenge is unavailing, and summary judgment in favor of the federal and state governments is granted.

**V**

Aughe also moves to amend her complaint to add other plaintiffs. She asserts that the addition of class members will strengthen the representative class and insure adequate representation of the class. She also asserts that the amended complaint presents common questions of fact and law as the original complaint.

■ While leave to amend a complaint under Federal Rule of Civil Procedure 15(a) is freely granted, *see Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990), leave to amend need not be granted if the motion to amend the complaint is futile. *See Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir.1986) (holding that amendment was futile because amended claim could not survive summary judgment); *see also Jones v. Community Redevelopment Agency,* 733 F.2d 646, 650 (9th Cir.1984), (holding that motion to amend is futile if amended complaint would not survive a motion to dismiss). Here, Aughe's

amendment seeks to add another party who would assert the same claim that Aughe is asserting. Because summary judgment precludes Aughe from recovering under her claim, the additional party would also be precluded from recovery. Because that amendment would be futile, the motion to amend must be denied.

## VI

The final motion before the Court is Aughe's motion to certify a class of individuals who cannot qualify for AFDC because they cannot meet the completion before age nineteen requirement. Because summary judgment would preclude those claims, the motion to certify a class is denied.

## VII

In accordance with the forgoing, Aughe's motions for summary judgment, to amend her complaint, and to certify a class are all DENIED. The federal government's motion for summary judgment is GRANTED. In addition, the state government's motion for summary judgment is GRANTED. This case is DISMISSED, and the Clerk is directed to enter judgment in favor of defendants.