Peter CASTELLANO, et al., Plaintiffs,

v.

The CITY OF NEW YORK, et al., Defendants.

No. 95 Civ. 5014 (SHS).

United States District Court, S.D. New York.

June 28, 1996.

Ronald Podolsky, New York City, for plaintiffs.

## OPINION

STEIN, District Judge.

Plaintiffs in these 16 consolidated actions are approximately 2,000 disabled former New York City police officers who allege that the practice of providing supplemental benefits to police officers who retire after twenty years of service while denying those same benefits to officers who retire because of a disability discriminates against plaintiffs "by reason of" their disabilities in violation of Titles I and II of the Americans with Disabilities Act ("ADA"), see 42 U.S.C. § 12101 et seq., and section 504 the Rehabilitation Act, see 29 U.S.C. § 791 et seq. Plaintiffs also assert claims pursuant to the Age Discrimination in Employment Act ("ADEA"), see 29 U.S.C. § 621 et seq., and various state laws. Defendants are numerous individuals and entities, who allegedly are responsible for creating, implementing or administering the New York City Police Department benefit programs.

Currently before the Court are motions by defendants to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because plaintiffs are not protected parties and seek preferential treatment rather than non-discriminatory treatment, plaintiffs' ADA and Rehabilitation Act claims should be dismissed. Because plaintiffs have failed to file a complaint with the Equal Employment Opportunity Commission, their ADEA claims should be dismissed. Last, because this Court in its discretion declines to exercise supplemental jurisdiction over the plaintiffs' state law allegations, those claims should also be dismissed.

## I. BACKGROUND

For purposes of this motion, the factual allegations in the complaint are assumed to be true. See, e.g., Annis v. County of Westchester, N.Y., 36 F.3d 251, 253 (2d Cir.1994). Plaintiffs are all disability retirees who receive benefits from the New York City Police Pension Fund and are not eligible to receive certain additional benefits known as "Variable Supplements." Pursuant to the New York City Administrative Code, a police offi-cer may retire with benefits for a number of reasons; the reason for the retirement will affect the amount of benefits the retiree will receive. See generally Castellano v. Board of Trustees of the Police Officers' Variable Supplements Fund, 937 F.2d 752, 753 (2d Cir.), cert. denied, 502 U.S. 941, 112 S.Ct. 378, 116 L.Ed.2d 329 (1991).

These actions involve three types of retirements: (1) "ordinary disability" retirement; (2) "accident disability" retirement; and (3) "for service" retirement. "Ordinary disability" retirement is available for an officer who is "physically or mentally incapacitated for the performance of duty and ought to be retired." N.Y.C.Admin.Code § 13–251. "Accident disability" retirement is available for an officer who is physically or mentally incapacitated and that incapacitation is "a natural and proximate result" of police duties. Id. at § 13–252. "For service" retirement is available for officers who retire after serving twenty years on the force. Id. at § 13–246. See also Castellano, 937 F.2d at 753.

Plaintiffs all retired with either an "ordinary disability" or an "accident disability." (Complaint, ¶ 2.) Plaintiffs are therefore ineligible to receive what are known as Variable Supplements, which are payments from either the Police Officer's Variable Supplements Fund or the Police Superior Officers' Variable Supplements Fund (collectively, the "Variable Supplements Funds"). See N.Y.C.Admin.Code §§ 13–268, 13–278. The Variable Supplements Funds are funded from the investment earnings of the Police Pension Fund. Any excess earnings in the Police Pension Fund in a given year—calculated as the actual earnings of equity investments less (1) the hypothetical earnings that would have been realized if the equities had instead been invested in fixed income investments and (2) prior year offsets—are transferred from the Police Pension Fund to the Variable Supplements Funds. See N.Y.C.Admin.Code § 13–232. These Variable Supplements are paid in addition to all other benefits already being received by the retiree, but are paid only to "for service" retirees. N.Y.C.Admin.Code § 13–268(5).

They are not paid to "ordinary disability" or "accident disability" retirees.

Plaintiffs claim that the exclusion of "ordinary disability" and "accident disability" retirees from participating in the payments from the Variable Supplements Funds violates the ADA, the Rehabilitation Act, the ADEA and various state law protections. For the reasons that follow, defendants' motions to dismiss the complaint are granted.

## II. DISCUSSION

In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a district court's role is to assess the legal feasibility of the complaint; it is not to weigh the evidence which might be offered at trial. See Festa v. Local 3, Int'l Bhd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir.1990); Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980); Odom v. Columbia Univ., 906 F.Supp. 188, 193 (S.D.N.Y. 1995). In considering the legal feasibility of the complaint, a court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir.1993); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993). All factual allegations in the complaint must be accepted as true and the complaint must be viewed in the light most favorable to the plaintiff. See LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir.1991); Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1099 (2d Cir.1988), cert. denied, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); Walker v. City of N.Y., 974 F.2d 293, 298 (2d Cir.1992) (quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir.1991)).

### A. ADA and Rehabilitation Act Claims

Plaintiffs allege federal disability discrimination claims pursuant to Title I and Title II of the ADA and section 504 of the Rehabilitation Act. Although each statute provides distinct causes of action, there is significant overlap between them. See Lyons v. Legal Aid Soc'y, 68 F.3d 1512, 1515 (2d Cir.1995) (citing Staron, 51 F.3d at 355–56); Vande Zande v. State of Wis. Dep't of Admin., 44 F.3d 538, 542 (7th Cir.1995); Collings v. Longview Fibre Co., 63 F.3d 828, 832 n. 3 (9th Cir.1995), cert. denied, —— U.S. ——, 116 S.Ct. 711, 133 L.Ed.2d 666 (1996); Pottgen v. Missouri State High Sch. Activities Assoc., 40 F.3d 926, 930 (8th Cir.1994). Title I of the ADA prohibits discrimination by a "covered entity" against a "qualified individual with a disability because of the disability" in all of the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); 29 C.F.R. pt. 1630. Title II of the ADA prohibits a "public entity" from discriminating against "a qualified individual with a disability" because of the disability in "the benefits or the services, programs, or activities" of the public entity. 42 U.S.C. § 12132; 28 C.F.R. pt. 35. Section 504 of the Rehabilitation Act prohibits discrimination by recipients of federal funds against a "qualified individual with a disability" because of the disability "under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

■ Under each of those statutes, in order to state a claim, a plaintiff must allege sufficient facts to show that he or she is a qualified individual with a disability. See, e.g., Flight v. Gloeckler, 68 F.3d 61, 63–64 (2d Cir.1995). Title I of the ADA defines such a person as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The Rehabilitation Act's definition in the employment context is essentially the same. See Lyons, 68 F.3d at 1515 (quoting 45 C.F.R. § 84.3(k)(1) (1994)); cf. 29 C.F.R. § 1614.203(a)(6). The statutory language and the case law indicate that these provisions do not provide protection for all dis-

abled individuals; instead, protection is limited to those persons who are "able to meet all of a program's requirements in spite of [their] handicap." *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979); *Lyons*, 68 F.3d at 1514–15; *Guice–Mills v. Derwinski*, 967 F.2d 794, 797 (2d Cir.1992); *Gilbert v. Frank*, 949 F.2d 637, 640–42 (2d Cir.1991).

Thus, although it may seem "undesirable and perhaps unpalatable," *Parker v. Metropolitan Life Insur. Co.*, 875 F.Supp. 1321, 1326 (W.D.Tenn.1995), an individual who is totally disabled—that is, unable to perform the essential job functions even with reasonable accommodation—is not entitled to relief under these provisions. *See Beauford v. Father Flanagan's Boys' Home*, 831 F.2d 768, 771 (8th Cir.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1116, 99 L.Ed.2d 277 (1988); *Garcia–Paz v. Swift Textiles, Inc.*, 873 F.Supp. 547, 554–55 (D.Kan.1995); *Lewis v. Zilog, Inc.*, 908 F.Supp. 931, 945 (N.D.Ga.1995); *Reigel v. Kaiser Found. Health Plan of N.C.*, 859 F.Supp. 963, 967–69 (E.D.N.C.1994); *Cadelli v. Fort Smith Sch. Dist.*, 852 F.Supp. 789, 797 (W.D.Ark.1993), *aff'd on other grounds*, 23 F.3d 1295 (8th Cir.1994); *see also August v. Offices Unlimited, Inc.*, 981 F.2d 576, 582–83 (1st Cir.1992) (applying state disability discrimination statute).

▮ Plaintiffs are all physically or mentally incapacitated for the performance of police duties and are receiving disability retirement pensions. No factual issue is raised regarding whether or not plaintiffs can perform the essential functions of a police officer, *see Marvello v. Chemical Bank*, 923 F.Supp. 487, 491 (S.D.N.Y.1996), and plaintiffs do not assert that they could perform these functions with any level of accommodation.[1] Plaintiffs also do not claim that any disability based discrimination occurred before they became totally disabled. *See Esfahani v. Medical College of Pa.*, 919 F.Supp. 832, 835–36 (E.D.Pa.1996). Accordingly, plaintiffs fail to meet the threshold definition of a "qualified individual with a disability" as required Title I of the ADA and the Rehabilitation Act and thus lack standing to pursue this action under these provisions.

▮ In the benefits context, the eligibility requirements differ slightly from those required in the employment context. Under Title II of the ADA, a "qualified individual with a disability" is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices ... meets the essential eligibility requirements for ... participation in programs or activities provided by a public entity." 42 U.S.C. § 12131. The Rehabilitation Act imposes a similar standard, providing that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from participation in the benefits of, or subjected to discrimination under any program receiving Federal financial assistance." 29 U.S.C. § 794(a). In order to pursue this type of claim, an individual must show that he or she meets the essential eligibility requirements for the benefit sought. *See Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1034 (6th Cir.1995); *Pottgen*, 40 F.3d at 930–31; *Grubbs v. Medical Facilities of Am., Inc.*, 879 F.Supp. 588, 590 (W.D.Va.1995); *Coleman v. Zatechka*, 824 F.Supp. 1360, 1368 (D.Neb.1993). A requirement of a program is not, however, considered to be "essential" if a "reasonable accommodation" would enable an individual to qualify for the benefit. *See Pottgen*, 40 F.3d at 929; *Johnson v. Florida High Sch. Activities Ass'n, Inc.*, 899 F.Supp. 579, 584 (M.D.Fla.1995). Accordingly, the "reasonableness" of an accommodation and the "essentialness" of an eligibility requirement are inextricably intertwined and must be examined together.

---

1. In *Equal Employment Opportunity Comm'n v. CNA Ins. Cos.*, No. 95 C 5835, 1996 WL 26879, at *3–5 (N.D.Ill. Jan. 23, 1996), the Equal Employment Opportunity Commission ("EEOC") urged the court to reject prior case law and find that Title I of the ADA requires only that an individual must show that he or she would be qualified for the benefit, absent the disability. The court rejected that argument holding that Title I protects only those persons who can perform the essential functions of the employment position. *Id.* at *5. Here, however, even if this Court were to adopt the EEOC's argument, plaintiffs would still fail to state a claim because plaintiffs concede that they do not have twenty years of service and hence they would still be ineligible for the Variable Supplements even if they were not disabled.

When reviewing a challenge to the eligibility requirements of a program, a court must first review each eligibility requirement to determine whether or not the requirement is essential—which entails determining whether an accommodation is reasonable—and then must determine whether the individual has met those requirements that are essential. *See Pottgen*, 40 F.3d at 929; *Aughe v. Shalala*, 885 F.Supp. 1428, 1431 (W.D.Wash.1995). An eligibility requirement will be essential—or an accommodation of it will be unreasonable—if its alteration "either imposes 'undue financial and administrative burdens' [on the public entity] or requires 'a fundamental alteration in the nature of [the] program.'" *Pottgen*, 40 F.3d at 931 (alterations in original) (quoting *School Bd. of Nassau County, Fla. v. Arline*, 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987)); *Easley by Easley v. Snider*, 36 F.3d 297, 305 (3d Cir.1994); *Roberts v. KinderCare Learning Ctrs., Inc.*, 896 F.Supp. 921, 926 (D.Minn.1995). Reasonable accommodations are those that do not require an organization "to lower or to effect substantial modifications of standards to accommodate a handicapped person." *Pottgen*, 40 F.3d at 930 (quoting *Southeastern Community College*, 442 U.S. at 413, 99 S.Ct. at 2370–71). Furthermore, even reasonable modifications need be made only if they "are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7).

In this case, plaintiffs' claims fail both because plaintiffs fail to meet an essential eligibility requirement and hence they are not within the protections of the statutes, and because modification of the eligibility requirement is not necessary to avoid discrimination based on a disability. Although questions of the reasonableness of an accommodation or the essentialness of an eligibility requirement generally need a fact-specific inquiry, *see Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 140 (2d Cir.1995) (addressing reasonableness of accommodations under the Rehabilitation Act); *Staron*, 51 F.3d at 356 (same under Title I of ADA), certain eligibility requirements of a program by their nature are essential and any alteration unreasonable as a matter of law. *See Pottgen*, 40 F.3d at 930–31; *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 859–60 (5th Cir.1993), *cert. denied*, 510 U.S. 1131, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994); *cf. Alexander v. Choate*, 469 U.S. 287, 302, 105 S.Ct. 712, 720–21, 83 L.Ed.2d 661 (1985). *But see Pottgen*, 40 F.3d at 932–33 (Arnold, C.J., dissenting); *Dennin v. Connecticut Interscholastic Athletic Conference, Inc.*, 913 F.Supp. 663, 668 (D.Conn.1996); *Johnson*, 899 F.Supp. at 585.

The eligibility requirement in question here is the "for service" retirement requirement to qualify for Variable Supplements. The accommodation sought is a waiver of this requirement for officers who retire with a disability pension. This requirement is a core component of the Variable Supplements Funds and any alteration would change the entire nature of the additional payments which presumably serve as an additional incentive for extended service. *See Castellano*, 937 F.2d at 756. Accordingly, this Court finds that the "for service" requirement is essential and any modification would result in a fundamental alteration to the program. *See Aughe*, 885 F.Supp. at 1432 ("Because that would essentially rewrite the statute, it must be seen as a fundamental alteration in the nature of the program."); *McGregor*, 3 F.3d at 860. Because plaintiffs admittedly cannot meet the "for service" requirement, they are not qualified individuals entitled to pursue an action under these provisions of the ADA and the Rehabilitation Act.

Furthermore, even if plaintiffs' allegations were sufficient to allege that the waiver sought was a reasonable modification, plaintiffs' allegations would still be insufficient to state a claim under these federal disability discrimination statutes because they fail to allege facts sufficient to show that the modification is necessary to avoid discrimination on the basis of a disability. In order to determine whether a modification is necessary, a court must look to the merits of the claims and determine essentially if plaintiffs' allegations show either that they were treated differently than other similarly situated nondisabled employees or that defendants' policies have a disparate impact on

disabled employees. *See Crowder v. Kitagawa*, 81 F.3d 1480, 1483–84 (9th Cir.1996) (distinguishing between disability discrimination and denial of or exclusion from benefits because of a disability); *P.C. v. McLaughlin*, 913 F.2d 1033, 1041 (2d Cir.1990); *Cramer v. State of Fla.*, 885 F.Supp. 1545, 1552–53 (M.D.Fla.1995); *see also Traynor v. Turnage*, 485 U.S. 535, 548, 108 S.Ct. 1372, 1382, 99 L.Ed.2d 618 (1988); *Alexander v. Choate*, 469 U.S. 287, 309, 105 S.Ct. 712, 724, 83 L.Ed.2d 661 (1985).

■ In reviewing cases under the federal disability statutes, courts must give "great deference" to guidelines of the EEOC, though those guidelines are not binding. *See Blum v. Bacon*, 457 U.S. 132, 141, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982); *Teal v. State of Conn.*, 645 F.2d 133, 137 n. 6 (2d Cir.1981), *aff'd*, 457 U.S. 440, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982); *Helen L. v. DiDario*, 46 F.3d 325, 331–32 (3d Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 64, 133 L.Ed.2d 26 (1995); *Le v. Applied Biosystems*, 886 F.Supp. 717, 720 n. 2 (N.D.Cal. 1995). The EEOC has issued guidelines stating that "[t]he ADA does not require that service retirement plans and disability retirement plans provide the same level of benefits, because they are two separate benefits which serve different purposes.... Therefore, the employer does not violate the ADA simply by providing different benefits under service and disability retirement plans." *See* EEOC Notice, "Questions and Answers About Disability and Service Retirement Plans Under the ADA, No. 915.002, May 15, 1995; *see also Felde v. City of San Jose*, 839 F.Supp. 708, 710 (N.D.Cal.1994), *aff'd*, 66 F.3d 335 (9th Cir.1995) (Table).

■ It is undisputed that plaintiffs could have retired with "for service" pensions and eligibility for the Variable Supplements if they had completed twenty years of employment at the time they retired. The relief plaintiffs seek here—waiver of the "for service" requirement in order to obtain Variable Supplements—is outside the protection of the federal disability discrimination statutes, which seek to protect disabled individuals from being discriminated against because they are disabled "in relation to nonhandi-capped individuals." *Traynor*, 485 U.S. at 548, 108 S.Ct. at 1382; *Flight*, 68 F.3d at 63–64. This requirement discriminates against—or precludes from benefits—officers with less than twenty years of service, not officers who retired because of a disability. *See Flight*, 68 F.3d at 64 ("the distinction in the present case is not based upon [plaintiff's] disability, multiple sclerosis, but rather upon his inability to drive."); *Felde*, 839 F.Supp. at 711. *But see Dennin*, 913 F.Supp. at 669–70. It does not burden disabled individuals in a manner different from or greater than the burdens it places on nondisabled individuals. *See Traynor*, 485 U.S. at 548–50, 108 S.Ct. at 1382–83; *Crowder*, 81 F.3d at 1484.

Plaintiffs could have argued that the service requirement places a greater burden on the disabled because they do not have the option of continuing to work to meet the twenty year service requirement. This argument, however, does not support the relief sought by plaintiffs because, if this were plaintiffs' argument, they would seek an accommodation that would permit disabled officers to continue working in some capacity in order to have the opportunity to work for twenty years and earn a "for service" retirement and its concomitant entitlement to share in the Variable Supplements. Plaintiffs, however, seek no such relief in this action.

In essence, plaintiffs seek "special treatment rather than simply nondiscriminatory treatment." *Felde*, 839 F.Supp. at 711; *Lincoln CERCPAC v. Health and Hosps. Corp.*, 920 F.Supp. 488, 497 (S.D.N.Y.1996); *McGregor*, 3 F.3d at 860 ("the additional accommodations, if granted, would constitute preferential treatment and go beyond the elimination of disadvantageous treatment"). Assuming they meet the other eligibility requirements, plaintiffs have full access to all retirement benefits offered to nondisabled officers and also have the additional option to selecting one of the disability retirement plans. *See Traynor*, 485 U.S. at 548–49, 108 S.Ct. at 1382. Defendants' refusal to provide this special treatment to plaintiffs does not violate any of the federal disability statutes and modification of it is not necessary to

256

avoid disability based discrimination. *See Alexander,* 469 U.S. at 306, 105 S.Ct. at 715; *Flight,* 68 F.3d at 63–64; *Felde,* 839 F.Supp. at 711.

Accordingly, because plaintiffs are not within the class of individuals protected by the federal disability discrimination statutes and because modification of the eligibility requirements is not necessary to avoid disability based discrimination, defendants' motions to dismiss plaintiffs' claims under the ADA and the Rehabilitation Act are granted, and those claims shall be dismissed.

## B. *ADEA Claims*

Plaintiffs allege that their exclusion from participation in the Variable Supplements violates the ADEA because the exclusion denies benefits "solely because plaintiffs retired prior to passage of the defined benefit component of the [Variable Supplements Funds] and are older than those City Police Officers receiving the privilege." (Complaint, ¶ 105.) Plaintiffs, however, are barred from asserting an ADEA claim because they failed to file a complaint with the EEOC. *See Miller v. International Tel. & Tel. Corp.,* 755 F.2d 20, 23–26 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Peterson v. Insurance Co. of N. Am.,* 884 F.Supp. 107, 109 (S.D.N.Y.1995); *Julian v. New York City Transit Auth.,* 857 F.Supp. 242, 249 (E.D.N.Y.1994), *aff'd,* 52 F.3d 312 (2d Cir. 1995) (Table). Furthermore, even if plaintiffs' ADEA claims were not barred, their factual allegation that they are "older" than other officers is insufficient to state a claim under ADEA. *See, e.g., Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 399–400 (2d Cir.1985); *Abbasi v. Herzfeld & Rubin, P.C.,* 863 F.Supp. 144, 146–47 (S.D.N.Y.1994). Thus, plaintiffs' ADEA claim shall be dismissed as well.

## C. *State Law Claims*

Plaintiffs also assert several state law claims for which jurisdiction is premised on this Court's supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." *See Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir.1994); *Odom,* 906 F.Supp. at 197. In considering whether to exercise supplemental jurisdiction, a court should balance the factors of judicial economy, convenience, fairness and comity, which will usually "point toward declining to exercise jurisdiction over the remaining state-law claims" when all the federal law claims are eliminated before trial. *Odom,* 906 F.Supp. at 197 (citing *DiLaura v. Power Auth. of State of N.Y.,* 982 F.2d 73, 80 (2d Cir.1992)); *see also United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Purgess,* 33 F.3d at 138. Such a balancing here leads this Court to exercise its discretion to decline to exercise supplemental jurisdiction over plaintiffs' state law claims. Accordingly, those claims shall be dismissed.

## III. *CONCLUSION*

Defendants have raised numerous other arguments in support of their motions to dismiss, including arguments based on the relevant statute of limitations, the immunity of certain defendants pursuant to the Eleventh Amendment as well as legislative immunity, a lack of personal involvement and that disability retirement benefits are more favorable than the service retirement benefits. Because of this Court's resolution of defendants' motions to dismiss, it is unnecessary to address those other arguments at this time. For the reasons set forth above, defendants' motions to dismiss the complaint are granted.