Matthew **STARON**, Jennifer Champagne, Brandon Naples, and Linda Ravenell, Plaintiffs–Appellants,

v.

**McDONALD'S CORPORATION** and Burger King Corporation, Defendants–Appellees.

Nos. 493, 674, Dockets 94–7395, 94–7399.

United States Court of Appeals, Second Circuit.

Argued Oct. 13, 1994.

Decided April 4, 1995.

Robert Farr, Heffernan, Farr, McChord & Morelli, Hartford, CT, for appellants.

Carter K. Combe, Joel L. Finger, Roberts & Finger, New York City, for defendant-appellee McDonald's Corp.

Lewis G. Schwartz, David W. Rubin, Schatz & Schatz, Rivicoff & Kotkin, Stamford, CT, for defendant-appellee Burger King Corp.

Before: NEWMAN, Chief Judge, WALKER and CALABRESI, Circuit Judges.

WALKER, Circuit Judge:

These actions are brought by three children with asthma and a woman with lupus against two popular fast-food restaurant chains, McDonald's Corporation ("McDonald's") and Burger King Corporation ("Burger King"). Plaintiffs claim that defendants' policies of permitting smoking in their restaurants violate § 302 of the Americans with Disabilities Act, 42 U.S.C. § 12182 (the "ADA" or "Act"). Plaintiffs appeal judgments of the United States District Court for the District of Connecticut (T.F. Gilroy Daly, *Judge* ) granting defendants' motions to dismiss plaintiffs' claims for failure to state a claim upon which relief could be granted.

For the reasons stated below, we reverse the judgments of the district court and remand the cases for further proceedings.

## BACKGROUND

The facts alleged in plaintiffs' complaints are rather straightforward. During one week in February, 1993, each plaintiff entered both a McDonald's and a Burger King restaurant in Connecticut. Each plaintiff found the air in each restaurant to be full of tobacco smoke, and, because of his or her condition, was unable to enter the restaurant without experiencing breathing problems. Each plaintiff has also encountered similar difficulties at other times in other restaurants owned by McDonald's and Burger King.

After registering complaints with the defendants and the State of Connecticut Human Rights Commission without satisfactory results, plaintiffs filed separate suits against McDonald's and Burger King on March 30,

1993. Their complaints alleged that the defendants' policies of permitting smoking in their restaurants constituted discrimination under the Act. Each complaint requested a declaratory judgment that such policies are discriminatory under the ADA, as well as an injunction to prohibit defendants from maintaining any policy which interfered with plaintiffs' rights under the Act, "and more specifically to require [defendants and their franchisees] to establish a policy of prohibiting smoking in all of the facilities they own, lease, or operate."

On May 24, 1993, each defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court referred both motions to Magistrate Judge Joan G. Margolis. After concluding that plaintiffs' request for a blanket ban on smoking in all of defendants' restaurants was not a reasonable modification under the Act as a matter of law, the magistrate judge issued a report recommending that the motions be granted. The district court accepted the magistrate judge's recommendation and dismissed plaintiffs' claims on March 9, 1994. Plaintiffs appealed.

On the same day that the district court granted the motions to dismiss, McDonald's announced a new policy prohibiting smoking in all of its corporate owned-and-operated restaurants. The smoking ban did not extend to its franchised restaurants. McDonald's then submitted a motion to this court to dismiss plaintiffs' appeal as moot. This court denied the motion on June 21, 1994.

## DISCUSSION

When deciding a motion to dismiss an action for failure to state a claim upon which relief may be granted, the court "must accept the material facts alleged in the complaint as true." *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994). Dismissal is only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985). Because we find that

plaintiffs' complaints do on their face state a cognizable claim against the defendants under the Americans with Disabilities Act, we reverse the district court's orders of dismissal.

The ADA was promulgated "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," as well as to establish "clear, strong, consistent, enforceable standards" for scrutinizing such discrimination. 42 U.S.C. § 12101(b)(1)–(2). Consistent with these goals, § 302 of the ADA provides that

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). "Discrimination" under this section includes the failure of an owner, operator, lessee, or lessor of public accommodations

> to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, [or] facilities ... to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, [or] facilities....

42 U.S.C. § 12182(b)(2)(A)(ii).

For the purposes of these motions, defendants do not dispute that the section applies to them as owners and operators of public accommodations. They also concede at this point that plaintiffs qualify as "individuals with disabilities" under the ADA. The basis of the magistrate judge's Recommended Ruling, and the principal contention of McDonald's and Burger King on appeal, is that a total ban on smoking does not constitute a "reasonable modification" under the ADA.

The ADA and cases interpreting it do not articulate a precise test for determining whether a particular modification is "reasonable." However, because the Rehabilitation

Act, which applies to recipients of federal funding, uses the same "reasonableness" analysis, cases interpreting that act provide some guidance. *See Vande Zande v. State of Wisc. Dep't of Admin.,* 44 F.3d 538, 542 (7th Cir.1995); *Pottgen v. Missouri State High Sch. Activities Ass'n,* 40 F.3d 926, 930 (8th Cir.1994); *Harmer v. Virginia Elec. & Power Co.,* 831 F.Supp. 1300, 1306–07 (E.D.Va. 1993) ("the legislative history of the ADA indicates that reasonable accommodation is to be interpreted consistently with the regulations implemented under ... the Rehabilitation Act"); *cf. Helen L. v. DiDario,* 46 F.3d 325, 331 (3rd Cir.1995) (noting that the ADA provisions applicable to state and local governments incorporate the non-discrimination principles of the Rehabilitation Act and that ADA regulations implementing those provisions are patterned after those promulgated under the Rehabilitation Act); *Kinney v. Yerusalim,* 9 F.3d 1067, 1071 (3rd Cir.1993) (explaining that Congress intended that regulations under the ADA be consistent with Rehabilitation Act regulations), *cert. denied,* —— U.S. ——, 114 S.Ct. 1545, 128 L.Ed.2d 196 (1994).

The Supreme Court, addressing the issue of the reasonableness of accommodations under the Rehabilitation Act in the employment context, stated that "[a]ccommodation is not reasonable if it either imposes 'undue financial and administrative burdens' ... or requires 'a fundamental alteration in the nature of [the] program.'" *School Bd. v. Arline,* 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1130 n. 17, 94 L.Ed.2d 307 (1987) (citations omitted); *see also Pottgen,* 40 F.3d at 930–31 (evaluating age requirements for high school athletics under the ADA and Rehabilitation Act). Other courts have articulated factors that they consider relevant to the determination, including the nature and extent of plaintiff's disability. *See D'Amico v. New York State Bd. of Law Examiners,* 813 F.Supp. 217, 221 (W.D.N.Y.1993).

■ Although neither the ADA nor the courts have defined the precise contours of the test for reasonableness, it is clear that the determination of whether a particular modification is "reasonable" involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it. *See D'Amico,* 813 F.Supp. at 221–22 (holding that allowing a law student with a vision disorder four days to take the bar exam was a reasonable accommodation); *cf. Vande Zande,* 44 F.3d at 542 (stating that, to be "reasonable," the cost of an accommodation should not be disproportionate to the benefit); *Tuck v. HCA Health Servs. of Tennessee, Inc.,* 7 F.3d 465, 471 (6th Cir.1993) ("Issues involving ... reasonable accommodation [under the Rehabilitation Act] are primarily factual issues.").

While there may be claims requesting modification under the ADA that warrant dismissal as unreasonable as a matter of law, in the cases before us a fact-specific inquiry was required. None has occurred at this early stage of the suits. The magistrate judge instead concluded—and the district court agreed—that plaintiffs' request for a ban on smoking in all of defendants' restaurants was unreasonable as a matter of law. The magistrate judge offered two grounds for this conclusion: first, that "the ADA, by itself, does not mandate a 'blanket ban' on smoke in 'fast food' restaurants," and second, that "[i]t is not reasonable, under the ADA, to impose a blanket ban on *every* McDonald's [and Burger King] restaurant where there are certain restaurants which reasonably can accommodate a 'no-smoking' area." We believe that neither ground justifies dismissal of the complaints.

## I. The Permissibility of Smoking Bans Under the ADA

■ The magistrate judge correctly noted that the ADA on its face does not ban smoking in all public accommodations or all fast-food restaurants. Defendants carry this point a significant step further, however, and argue that the ADA precludes a total smoking ban as a reasonable modification. They assert that Congress did not intend to restrict the range of legislative policy options open to state and local governments to deal with the issue of smoking. Their argument rests on § 501(b) of the ADA:

Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision ... that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter. Nothing in this chapter shall be construed to preclude the prohibition of, or the imposition of restrictions on, smoking ... in places of public accommodation covered by subchapter III of this chapter.

42 U.S.C. § 12201(b). The magistrate judge echoed a sentiment similar to defendants', stating that "[t]he significant public policy issues regarding smoking in 'fast food' restaurants are better addressed by Congress or by the Connecticut General Assembly...."

It is plain to us that Congress did not intend to isolate the effects of smoking from the protections of the ADA. The first sentence of § 501(b) simply indicates that Congress, states, and municipalities remain free to offer greater protection for disabled individuals than the ADA provides. The passage does not state, and it does not follow, that violations of the ADA should go unredressed merely because a state has chosen to provide some degree of protection to those with disabilities.

■ As to the second sentence of § 501(b), the Department of Justice regulations state that it "merely clarifies that the Act does not require public accommodations to accommodate smokers by permitting them to smoke." 28 C.F.R. Pt. 36, App. B, 56 Fed.Reg. 35544, 35562. Nothing in the second sentence precludes public accommodations from accommodating those with smoke-sensitive disabilities. In fact, this language expressly permits a total ban on smoking if a court finds it appropriate under the ADA. We therefore reject any argument by defendants to the contrary.

■ Cases in which individuals claim under the ADA that allergies to smoke constitute a disability and require smoking restrictions are simply subject to the same general reasonableness analysis as are other cases under the Act. *See, e.g., Vickers v. Veterans*

*Admin.*, 549 F.Supp. 85, 87–89 (W.D.Wash. 1982) (evaluating whether a ban on smoking is a reasonable accommodation under the circumstances); *cf.* 28 C.F.R. Pt. 36, App. B, 56 Fed.Reg. 35544, 35549 ("[T]he determination as to whether allergies to cigarette smoke ... are disabilities covered by the regulation must be made using the same case-by-case analysis that is applied to all other physical or mental impairments."). We see no reason why, under the appropriate circumstances, a ban on smoking could not be a reasonable modification. Accordingly, we turn to the magistrate judge's conclusion that plaintiffs' request for a smoking ban under the circumstances of these cases was unreasonable as a matter of law.

II. The Scope of Plaintiffs' Proposed Accommodation

The magistrate judge's principal objection to plaintiffs' proposed modification was that plaintiffs were seeking a total ban on smoking in all of defendants' restaurants even though "there are certain restaurants which reasonably can accommodate a 'no-smoking' area." We do not think that it is possible to conclude on the pleadings that plaintiffs' suggested modification in this case is necessarily unreasonable.

To be sure, the few courts that have addressed the question of reasonable modification for a smoke-sensitive disability have found a total ban unnecessary. *See Harmer,* 831 F.Supp. at 1303–04, 1307; *Vickers,* 549 F.Supp. at 87–89. Yet these courts only reached this conclusion after making a factual determination that existing accommodations were sufficient. In granting summary judgment to the defendant, the *Harmer* court concluded that the plaintiff could perform the essential functions of his job with the modifications already made by the defendant, which included moving smokers further from the plaintiff's desk, mandatory use of smokeless ashtrays, and installation of air filtration and oxygen infusion devices. *Id.* at 1303–04, 1306. In *Vickers,* the court found after a bench trial that the nine steps defendants had taken to alleviate plaintiff's suffering constituted sufficient accommodation, and that a total ban was therefore not necessary.

*Vickers,* 549 F.Supp. at 87–88. Neither case held that a ban on smoking would be unreasonable if less drastic measures were ineffective, much less that a ban on smoking is unreasonable as a matter of law.

■ Plaintiffs in this case are entitled to the same opportunity afforded to the plaintiffs in *Harmer* and *Vickers* to prove that a ban on smoking is a reasonable modification to permit them access to defendants' restaurants. Given that McDonald's has voluntarily banned smoking in all corporate-owned restaurants, the factfinder may conclude that such a ban would fully accommodate plaintiffs' disabilities but impose little or no cost on the defendants. The magistrate judge's unsupported assumption that certain restaurants "reasonably can accommodate a 'no-smoking' area" does not obviate the need for a factual inquiry. Plaintiffs have alleged that, regardless of the different structural arrangements in various restaurants, the environment in each establishment visited by the plaintiffs contained too much smoke to allow them use of the facilities on an equal basis as other non-disabled patrons. These allegations belie the magistrate judge's assumption that no-smoking areas offer a sufficient accommodation to plaintiffs. In such a case, it is not possible to conclude that "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02. Accordingly, defendants' motions to dismiss should have been denied.

■ In addition, we note that plaintiffs do not solely request a ban on smoking. Their complaints ask that defendants be enjoined "from continuing or maintaining any policy" that denies plaintiffs access to their restaurants, as well as "such other and further relief as it may deem just and proper." We do not think that it is necessary at this point in the lawsuit to bind plaintiffs to the one specific modification they prefer. If plaintiffs should fail in their quest for an outright ban on smoking, they may still be able to demonstrate after discovery that modifications short of an outright ban, such as parti-

tions or ventilation systems, are both "reasonable" and "necessary," 42 U.S.C. § 12182(b)(2)(A)(ii), and plaintiffs should be allowed the opportunity to do so.

■ Defendants raise another objection to the scope of plaintiffs' request for an injunction. They contend that plaintiffs' request for a smoking ban is unreasonable because it applies to all of defendants' restaurants "regardless of whether these four Plaintiffs have ever visited, will visit, might visit or never will visit" the many McDonald's and Burger King restaurants across the country. This objection pertains to the permissible scope of injunctive relief in this case, *see* 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2942, at 369 (1973) (In order to warrant injunctive relief, "plaintiff must demonstrate that there is a real danger that the act complained of actually will take place. There must be more than a mere possibility or fear that the injury will occur."), an issue which neither the magistrate judge nor the district court has reached. But whatever may be the appropriate scope of an injunction, doubts about that scope do not justify dismissal of the complaints where plaintiffs have alleged cognizable claims at least with respect to the restaurants they expect to visit.

We therefore reverse the judgments of the district court and remand for proceedings consistent with this opinion.