Mark D. BERNIER, Plaintiff,

v.

Lt. Mark MOSKOWITZ, Bristol Police Department and City of Bristol, Defendants.

No. CIV. 398CV1560(PCD)RMH.

United States District Court, D. Connecticut.

April 12, 1999.

William Sylvester Palmieri, Williams & Pattis, New Haven, CT, for Mark D. Bernier, plaintiffs.

Elliot B. Spector, Sack, Spector & Barrett, West Hartford, CT, James E. Kernan, John K. McDonald, Kernan & Henry, Waterbury, CT, for Mark Moskowitz, Lt., Bristol Police Dept., City of Bristol, defendants.

*RULING ON MOTION TO DISMISS*

DORSEY, Senior District Judge.

Plaintiff Mark D. Bernier ("plaintiff") brought this action alleging, inter alia, violations of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA") and the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. 46a–60(a) *et seq.* ("CFEPA"). Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and 1367(a). Defendants move to dismiss the ADA and CFEPA claims for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff alleges the following facts. He is a patrolman in the Bristol Police Department ("Department"). During his thirteen years with the department, he has been named Police Officer of the Year in 1991–92 and appointed to the First Company Governor's Horse Guard in 1995. His training and education include a bachelor's degree in law enforcement and certification as an Accident Reconstructionist. He is thus qualified to investigate and reconstruct motor vehicle accidents, including fatalities, to determine fault, causation and whether criminal charges should be filed. As such, he must write reports memorializing his findings.

Throughout his employment, plaintiff worked with a learning disability. He sought "reasonable accommodation" for his learning disability through educational assistance, special training and supervision in report writing. On May 9, 1997, plaintiff requested education at Briarwood College to enhance his report writing skills to no avail.

A January 17, 1997, memorandum from defendant Moskowitz to plaintiff demeaned, insulted and humiliated his disability-related difficulties with report writing. Moskowitz suggested that plaintiff was not a "normal person," threatened and intimidated plaintiff, and challenged his credentials. Plaintiff filed an internal complaint with Department. An internal affairs investigation sustained plaintiff's claim. Plaintiff found the Department's action inadequate and sought further relief from his union.

On May 27, 1997, plaintiff was informed that he would not be considered for assignment to a proposed Traffic Division ("Division"), a new division responsible for investigating serious motor vehicle accidents. He was also informed that he would no longer be assigned to investigate serious motor vehicle accidents. Department policy is to assign such accidents to the most qualified officer on the shift on which the accident occurs. Plaintiff has not been assigned to such accidents since May 27, 1997 even though he claims to be the most qualified individual on the midnight shift.

## II. DISCUSSION

### A. *Motion to Dismiss Standard*

A motion to dismiss should be granted only when "it appears beyond doubt" that a plaintiff fails to state any claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding a motion to dismiss under Rule 12(b)(6), all factual allegations in the complaint are accepted as true and any well-pleaded factual allegations are construed in plaintiff's favor. *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). Consideration is limited to the facts stated in the complaint. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991).

### B. *ADA claim*

The Americans with Disabilities Act of 1990, 42 U.S.C.A §§ 12101–12213, became effective on January 26, 1992. 1 Henry H. Perritt, Jr., *Americans With Disabilities Act Handbook* § 1.8 (3d ed.1997). Title II [1] relates to state and local governments. Perritt, *supra.* The ADA was promulgat-

---

1. ADA §§ 201–246, 42 U.S.C.A §§ 12131–12165.

**128**

ed "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals and disabilities" and "to provide clear, strong, consistent enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1),(2); *Staron v. McDonald's Corp.,* 51 F.3d 353, 355 (2d Cir.1995).

▮▮▮▮ Plaintiff bears the initial burden of establishing a prima facie case. *See Wernick v. Federal Reserve Bank of New York,* 91 F.3d 379, 383 (2d Cir.1996). He must demonstrate "(1) that he is an individual who has a disability within the meaning of the statute, (2) that an employer covered by the statute had notice of his disability, (3) that with reasonable accommodation, he could perform the essential functions of the position sought, and (4) that the employer has refused to make such accommodations." *Stone v. City of Mount Vernon,* 118 F.3d 92, 96–97 (2d Cir.1997). The employer then has the burden to show (a) that making reasonable accommodation would cause it hardship, and (b) that the hardship would be undue. *Id.,* at 97.

Defendants argue that plaintiff does not allege a disability within the meaning of the ADA. Specifically, defendants say that plaintiff fails to allege that his disability impairs a major life activity. For an individual, the ADA defines "disability" as:

(i) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(ii) a record of such impairment; or

(iii) being regarded as having such an impairment.

42 U.S.C. § 12102(2). "The ADA does not define three phrases that are critical to understanding the nature of an ADA disability: 'physical or mental impairment,' 'substantially limits,' and 'major life activi-

ties.'" *Price v. National Board of Medical Examiners,* 966 F.Supp. 419, 424 (S.D.W.Va.1997). "However, Congress authorized the Equal Employment Opportunities Commission (EEOC) to issue regulations defining workplace discrimination under Title I of the ADA.[2] The Attorney General (Department of Justice) ... was authorized to issue regulations addressing discrimination in both public and private service organizations under Titles II[3] and III[4] of the ADA." *Bartlett v. New York State Board of Law Examiners,* 156 F.3d 321, 327 (2d Cir.1998).

Plaintiff's ADA claim falls under Title II. The Justice Department regulations define "major life activities" as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104(2) (1998). The regulations look to Title I to clarify "substantially limits". *See Bartlett,* 156 F.3d at 328, where "substantially limits" is defined as:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1). "To determine whether an individual is substantially limited in a major life activity, a court should consider the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or expected long-term impact of the impairment." *Zarzycki v. United Technologies Corp.,* 30 F.Supp.2d 283 (D.Conn. 1998); 29 C.F.R. § 1630.2(j)(2). "This in-

---

**2.** 42 U.S.C. § 12116.

**3.** 42 U.S.C. § 12134.

**4.** 42 U.S.C. § 12186.

quiry is individualized, and thus any determination must be made on a case-by-case basis." *Id.*, at 288.

■ Plaintiff requests relief from his current duties, rights, and responsibilities at his workplace. The proper focus is plaintiff's major life activity of "working." For the specific major life activity of "working," for which the regulations define "substantially limits" as:

> significantly restrict[s]...the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(I); *Bartlett*, 156 F.3d at 328. "[C]ourts must carefully consider the kinds of jobs from which the impaired individual claims he is disqualified." *Zarzycki*, at 289.

Plaintiff was not considered for assignment to the Division and is no longer assigned to investigate serious motor vehicle accidents. He was not precluded from any other of his duties, rights and responsibilities as a patrolman in the Bristol Police Department. Police officers are charged with the duty to maintain public order, safety and health; to detect, prevent and prosecute public nuisances and crimes; and to enforce regulations. The failure to be appointed to a specific proposed division of the police department does not constitute a substantial limitation in the broad major life activity of "working." *See Heilweil v. Mount Sinai Hosp.*,

32 F.3d 718, 723–24 (2d Cir.1994). Accordingly, the ADA claim is dismissed.

## C. CFEPA claim

Connecticut General Statutes Section 46a–60 [5] states in pertinent part:

(a) It shall be a discriminatory practice in violation of this section:

(1) For an employer...to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's...learning disability...

■ Federal precedent concerning employment discrimination guides the enforcement of Connecticut's anti-discrimination statutes. *Levy v. Commission on Human Rights & Opportunities*, 236 Conn. 96, 103, 671 A.2d 349 (1996); *see also Miko v. Commission on Human Rights & Opportunities*, 220 Conn. 192, 202, 596 A.2d 396 (1991). "Under federal law, there are four general theories of employment discrimination: disparate treatment, adverse or disparate impact, perpetuation into the present of the effects of past discrimination, and failure to make a reasonable accommodation. To date, in Connecticut, we have recognized the disparate treatment and adverse impact theories of employment discrimination." *Levy*, 236 Conn. at 103–104, 671 A.2d 349. Plaintiff's claim relies on a failure to accommodate reasonably.[6] Because Connecticut courts have not treated the theory upon which plaintiff's claim rests, *Levy* holds that federal law provides guidance.[7] As

---

**5.** Plaintiff cites without explanation §§ 46a–58(a), 46–60(a)(4), 46a–60(a)(8). These sections are not relevant to plaintiff's claim.

**6.** This theory includes 42 U.S.C. § 12101 *et seq.*, the Americans with Disabilities Act. *See Levy*, 236 Conn. at 104, note 13, 671 A.2d 349.

**7.** Plaintiff's reliance on *Cameron v. Alander*, 39 Conn.App. 216, 222, 664 A.2d 332 (1995),

is superseded by the Connecticut Supreme Court in *Levy*. In *Cameron*, the appellate court discussed the burden of a discrimination case in the context of CONN. GEN. STAT § 46a–71, the equal protection clause of the state constitution, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the Americans with Disabilities Act of 1990. *Levy* specifically addressed CONN. GEN. STAT. § 46a–60. Plaintiff's assertion that *Levy* is merely dicta is incorrect.

noted above, plaintiff fails to allege a claim under the federal regulations. Plaintiff's CFEPA claim is dismissed.

Defendants request that plaintiff's remaining state law claims be relegated to state court. Supplemental jurisdiction is appropriate in light of the remaining federal claims.

## III. CONCLUSION

The motion to dismiss the ADA and CFEPA claims (doc. 20) is GRANTED.

SO ORDERED.

Additionally, plaintiff's citation to *Ann Howard's Apricots Restaurant, Inc. v. Commission on Human Rights & Opportunities*, 237 Conn. 209, 676 A.2d 844 (1996), is inapposite. In *Ann Howard's*, the focus was on the disparate treatment theory. *Id.* at 225, 676 A.2d 844. That analysis does not apply to the case at bar, where the issue is reasonable accommodation.