Nehemiah NASH, 97–A–3995, Plaintiff,

v.

Michael McGINNIS, Stanley Sepiol, James P. Meehan, Gregroy T. Manos, Mark J. Sheremeta, Raymond R. Keenan, Douglas D. Westervelt, Christopher F. Kamas, Kathleen A. Washburn, Collins, and Larry C. Gleason, Defendants.

No. 04–CV–6089FE.

United States District Court, W.D. New York.

April 19, 2004.

Nehemiah Nash, Pine City, NY, pro se.

DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

Plaintiff Nehemiah Nash, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). He has requested appointment of counsel (Docket No. 3) and is seeking injunctive relief (Docket Nos. 4 and 5). Plaintiff claims that the defendants, Southport Correctional Facility Superintendent Michael McGinnis, Sergeants Stanley Sepiol, James P. Meehan, and Gregroy T. Manos, Senior Mail and Supply Clerk Kathleen A. Washburn, Correctional Staff Mark J. Sheremeta, Raymond R. Keenan, Douglas D. Westervelt, Christopher F. Kamas, and Larry C. Gleason, and Correctional Officer Collins, violated his constitutional rights afforded by the First, Fourth and Fourteenth Amendments. He claims that defendants have deliberately tampered with his legal, personal, and political incoming and outgoing mail without justification or cause. He claims that they have continued to interfere with his mail since April 13 2003, despite his grievances and complaints. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his request for counsel and motion for injunctive relief are denied, some of his claims are dismissed, and service of the Complaint is ordered on the remaining claims.

## DISCUSSION

■ Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis.* Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). Based on its evaluation of the complaint, the Court finds that some of plaintiff's claims must be dis-

missed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

■ Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993). "[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment. See *Heimerle v. Attorney General,* 753 F.2d 10, 12–13 (2d Cir.1985); *Hudson v. Greiner,* No. 99 Civ. 12339 (LAP), 2000 WL 1838324, at * 5 (S.D.N.Y.Dec.13, 2000)." *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir.2003). Plaintiff sufficiently alleges that defendants regularly and deliberately interfered with his mail without justification.

It may be that plaintiff may fail to prove his claims, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"). Since the Court cannot say at this stage that " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief,' " *Staron v. McDonald's Corp.,* 51 F.3d 353, 355 (2d Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), the First Amendment claims may go forward as pleaded.

■ Plaintiff also claims that Correctional Staff Kamas and Gleason searched his cell on "numerous occasions" without a warrant. He claims that they took personal property, including five legal letters plaintiff received from different Department of Correctional Services officials, Central Office Review Committee decisions on grievances and trial transcripts, He claims that Superintendent McGinnis and Sergeants Meehan and Manos encouraged and supported these illegal searches and seizures. To the extent that these claims are raised under the Fourth Amendment, such claims are dismissed. "One of the incidents of confinement for a convict is the loss of privacy, which serves the legitimate purpose of retribution as well as the institutional security needs of the prison system. We therefore hold that 'society is not prepared to recognize as legitimate any subjective expectation of privacy that a [convict] might have in his prison cell.' " *Willis v. Artuz,* 301 F.3d 65, 69 (2d Cir.2002) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

### INJUNCTIVE RELIEF

Plaintiff has also moved for a temporary restraining order pursuant to Fed.R.Civ.P. 65.

A temporary restraining order may be granted without written or oral notice to the adverse party ... only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the

reasons supporting the claim that notice should not be required.

Fed R. Civ. P. 65(b).

 Plaintiff's papers do not (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor. *Abdul Wali v. Coughlin,* 754 F.2d 1015, 1025 (2d Cir.1985), *Paulsen v. County of Nassau,* 925 F.2d 65, 68 (2d Cir.1991). Moreover, "[t]he moving party must make a 'clear' or 'substantial' showing of a likelihood of success where (1) the injunction sought 'will alter, rather than maintain, the status quo'—*i.e.,* is properly characterized as a 'mandatory' rather than 'prohibitory' injunction; or (2) the injunction sought 'will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits.'" *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996) (quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.,* 60 F.3d 27, 33–34 (2d Cir.1995)), *overruled on other grounds by City of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). Plaintiff has not established the necessary showing of likelihood of success. Accordingly, plaintiff's motion for a temporary restraining order is denied.

## APPLICATION FOR COUNSEL

 At this initial stage of the proceeding, the request for assignment of counsel is denied without prejudice. Where the Court has only the plaintiff's complaint to evaluate, there is insufficient information before the Court to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997), and *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986). It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's Fourth Amendment claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff's request for assignment of counsel and motion for injunctive relief are denied. The U.S. Marshal is directed to serve the summons and complaint on Southport Correctional Facility Superintendent Michael McGinnis, Sergeants Stanley Sepiol, James P. Meehan, and Gregroy T. Manos, Senior Mail and Supply Clerk Kathleen A. Washburn, Correctional Staff Mark J. Sheremeta, Raymond R. Keenan, Douglas D. Westervelt, Christopher F. Kamas, and Larry C. Gleason, and Correctional Officer Collins regarding the remaining First and Fourteenth Amendment claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's Fourth Amendment claims are dismissed with prejudice;

FURTHER, that plaintiff's request for assignment of counsel and motion for injunctive relief are denied;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Southport Correctional Facility Superintendent Michael McGinnis, Sergeants Stanley Sepiol, James P. Mee-

han, and Gregroy T. Manos, Senior Mail and Supply Clerk Kathleen A. Washburn, Correctional Staff Mark J. Sheremeta, Raymond R. Keenan, Douglas D. Westervelt, Christopher F. Kamas, and Larry C. Gleason, and Correctional Officer Collins without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.