Carletta THOMPSON, Plaintiff–
Appellant,

v.

**NEW YORK CITY DEPARTMENT OF
PROBATION, The City of New York,
Defendants–Appellees.**

**No. 08–0924–cv.**

United States Court of Appeals,
Second Circuit.

Oct. 8, 2009.

Carletta Thompson, Jamaica, NY, pro se.

Sharyn Michele Rootenberg, Larry Sonnenshein, and Eric Eichenholtz, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: ROBERT D. SACK and B.D. PARKER, Circuit Judges, RICHARD W. GOLDBERG,* Judge.

* The Honorable Richard W. Goldberg, Senior Judge of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Carletta Thompson, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*), dismissing Appellant's claims pursuant to the Americans with Disabilities Act ("ADA"). We assume the parties' familiarity with the facts and procedural history.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S.Ct. 153, 157 L.Ed.2d 44 (2003). We analyze ADA claims under the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Reg'l Econ. Comm. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48 (2d Cir.2002). A plaintiff alleging disability discrimination carries the initial burden of establishing a *prima facie* case. *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869 (2d Cir.1998). In order to establish a *prima facie* case, the plaintiff must show that: (1) the employer is subject to the ADA; (2) the plaintiff suffers from a disability as defined in the ADA; (3) she could perform the essential functions of her job with or without reasonable accommodation; and (4) she suffered an adverse employment action due to the disability. *Id.* at 869–70. Once the plaintiff makes out a *prima facie* case, the burden of production shifts to the employer to provide a legitimate, nondiscriminatory reason for its decision. *Reg'l Econ. Comm. Action Program*, 294 F.3d at 49. If the employer meets that burden, the plaintiff must then prove that the employ-er's proffered reason was false and a pretext for discrimination. *Id.*

The ADA and the courts have not defined a precise test of a reasonable accommodation, but it is clearly a "fact-specific, case-by-case inquiry that considers ... the disability in question and the cost to the organization...." *Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir.1995). A reasonable accommodation may include reassignment to a vacant position. 42 U.S.C. § 12111(9). However, the employer need not find or create a position for the employee. *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir.1995), *cert. denied*, 516 U.S. 1172, 116 S.Ct. 1263, 134 L.Ed.2d 211 (1996). An ADA plaintiff seeking accommodation in the form of a transfer bears the burden of proving that a vacancy existed into which he or she might have been transferred. *Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir.), *cert. denied*, 531 U.S. 931, 121 S.Ct. 314, 148 L.Ed.2d 251 (2000). The ADA "envisions an interactive process by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated." *Id.* (internal quotations omitted). The plaintiff bears the initial burden of proving that an accommodation exists that would permit her to perform the essential job functions, and the burden of persuasion as to whether the accommodation is reasonable lies with the employer. *Id.*

█ Here, the evidence demonstrated that Appellee engaged in an interactive process to reasonably accommodate Appellant, including transfer to a new position, provision of a dictaphone, tape recorder, and ergonomic equipment, and assignment of a lighter caseload. In addition, Appellant provided no evidence to indicate that positions involving less writing were available prior to January 2000 or that Appellee refused to provide equipment necessary to accommodate her. Thus, she

failed to establish a *prima facie* claim of failure to reasonably accommodate.

 Appellant also failed to establish a hostile work environment claim, inasmuch as she acknowledged that the name-calling by coworkers and telephone harassment were unrelated to her disability and, in any case, did not allege facts that, if proven, would establish such pervasive abuse or hostility that would create a hostile work environment. *See Hayut v. State Univ. of New York,* 352 F.3d 733, 745 (2d Cir.2003). Finally, the district court appropriately granted summary judgment as to Appellant's retaliation claims because she failed to establish a causal connection between the allegedly retaliatory actions and her engagement in a protected activity. *See Mack v. Otis Elevator Co.,* 326 F.3d 116, 129–30 (2d Cir.), *cert. denied,* 540 U.S. 1016, 124 S.Ct. 562, 157 L.Ed.2d 428 (2003). Rather, the undisputed evidence established that (1) Appellant was transferred to the Investigation Unit of the Manhattan Family Intake Court Investigation Unit, as that was the only position available; (2) she was denied use of sick leave based on her failure to comply with the department's leave policy; and (3) workers' compensation benefits initially were denied because the Workers' Compensation Division did not consider her condition to be a work-related accident or injury. Appellant, on the other hand, failed to provide any evidence that these reasons were a pretext for retaliatory intent. *See McDonnell Douglas,* 411 U.S. at 804–05, 93 S.Ct. 1817.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is hereby AFFIRMED.