**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT CRAWFORD; STEPHAN
NAMISNAK; FRANCIS FALLS,

Plaintiffs-Appellants,

v.

UBER TECHNOLOGIES, INC.; RASIER,
LLC,

Defendants-Appellees.

No.    22-16292

D.C. Nos.    3:17-cv-02664-RS
3:17-cv-06124-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted October 17, 2023
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Plaintiffs are disabled persons who rely on electric wheelchairs and who live

in New Orleans, Louisiana and Jackson, Mississippi.  Plaintiffs sued Uber under

Title III of the Americans with Disabilities Act (ADA) based on Uber's failure in

their cities to operate UberWAV, a wheelchair accessible rideshare platform, or to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

permit wheelchair accessible vehicles (WAVs) to drive for Uber's other rideshare platforms, UberX and UberXL. After a bench trial, the district court entered judgment for Uber. We have jurisdiction under 28 U.S.C. § 1291. "After a bench trial, we review the district court's findings of fact for clear error and its legal conclusions *de novo*." *Langer v. Kiser*, 57 F.4th 1085, 1100 (9th Cir. 2023) (citation omitted). We affirm.

1. Uber did not fail to make a "reasonable modification" by not turning on UberWAV in Plaintiffs' cities. *See* 42 U.S.C. §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A). "[W]hether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification . . . and the cost to the organization that would implement it." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083 (9th Cir. 2004) (quoting *Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995)).

We discern no error in the district court's reasoning or its factual findings with respect to each of Plaintiffs' proposed methods for implementing UberWAV. Given the scant underlying WAV supply in Plaintiffs' cities, Plaintiffs did not prove that offering incentive payments to prospective WAV drivers would generate adequate WAV options. Nor did Plaintiffs show that a rental program or dispatch model would successfully subsidize the platform's WAV supply. The district court did not clearly err in finding that these programs are largely unpopular and ineffective, that

the dispatch model has been unsuccessful outside of New York City, and that cross-dispatching would be unreliable.

The district court correctly concluded that Plaintiffs' remaining proposal for turning on UberWAV, a commercial fleet partnership, is also not a "reasonable" modification under the ADA. After reviewing the evidence in depth, the district court found that a commercial operator model would cost approximately $400 per ride in New Orleans and $1000 per ride in Jackson, but would not provide rideshare service comparable to that offered by Uber's other rideshare platforms. The record supports the district court's determination that the anticipated cost of this proposal was simply too high for the limited degree of WAV access it would ultimately provide. *See Fortyune*, 364 F.3d at 1083.

Plaintiffs' other assignments of error lack merit. *First,* Plaintiffs maintain that the district court erred by requiring them to prove that turning on UberWAV in their cities is economically and operationally reasonable, as opposed to merely facially reasonable. Plaintiffs believe they presented sufficient evidence to shift the burden to Uber to prove that Plaintiffs' proposed modifications were unreasonable. Plaintiffs are mistaken. Under the ADA, a "plaintiff must initially prove that . . . the requested modification was reasonable," *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1036 (9th Cir. 2020), which encompasses proving that the requested modification will not "impose[] undue financial and administrative burdens" on the

defendant. *Fortyune*, 364 F.3d at 1083 (citations and internal quotation marks omitted). We have previously rejected similar efforts to "shift[] [the] burden of proof at trial away from an ADA reasonable-accommodation plaintiff." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1102 (9th Cir. 2018) (emphasis omitted); *see also id.* at 1101–02 (holding that district court properly rejected a proposed jury instruction stating that "plaintiff has the burden of identifying an accommodation that seems reasonable on its face").

*Second*, the district court did not err by failing to consider the impact of Uber's separate prohibition on WAVs operating on UberX and UberXL on the question of whether it would be reasonable to implement UberWAV in Plaintiffs' cities. The district court found that Uber's exclusion of WAVs from its other rideshare platforms did not affect Uber's ability to operate UberWAV cost-effectively because Plaintiffs failed to present evidence that the ability to drive WAVs on Uber's platforms, even with incentives, would encourage more people to purchase WAVs. Absent any proof that the vehicle criteria Uber applies to UberX and UberXL depress the WAV supply in Plaintiffs' cities, those criteria did not affect whether Plaintiffs' proposals for turning on UberWav would be "reasonable" modifications.

*Third*, at oral argument, Plaintiffs claimed the district court did not consider their proposed modifications in combination. Even assuming Plaintiffs properly preserved this argument in their briefs, it fails. The district court thoroughly

4

analyzed Plaintiffs' proposed modifications and explained in detail why each was lacking. Plaintiffs have not demonstrated how examining their inadequate proposals in a more aggregate way would change matters.

2.   Plaintiffs next argue that Uber's ban on vehicles with aftermarket modifications on the UberX and UberXL platforms "tend[s] to screen out" users of electric wheelchairs from "fully enjoying" those rideshare options, in violation of 42 U.S.C. § 12184(b)(1). This eligibility criteria theory fails. Even if Uber permitted WAVs to drive on UberX and UberXL, the record shows that it is speculative that many WAVs would join Uber in New Orleans and Jackson, given the scant WAV supply in those locations. And it is equally speculative that WAVs that did join would be randomly matched to Plaintiffs' rideshare requests, such that Plaintiffs could "fully enjoy" the UberX or UberXL services. Given these intervening factors, we agree with the district court that Uber's vehicle criteria do not "tend to screen out" electric wheelchair users within the meaning of § 12184(b)(1).

Plaintiffs argue that the district court read into § 12184(b)(1) an improper requirement that the challenged eligibility criteria be the "sole" cause of Plaintiffs' inability to use Uber's services. That is not correct. The district court did not reject Plaintiffs' eligibility criteria claim because Uber's aftermarket modification ban is merely a concurrent cause of Plaintiffs' exclusion from UberX and UberXL. Instead, the district court explained that the challenged vehicle criteria do not "screen

5

out" Plaintiffs when, even absent those criteria, Plaintiffs would still be unable to meaningfully use UberX and UberXL. That conclusion finds ample support in the record and is not clearly erroneous.

As an alternative ground for reversal on their screening-out claim, Plaintiffs argue that Uber's WAV ban caused them "dignitary harm." Because Plaintiffs never raised this theory below, it is forfeited. *See, e.g.*, *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213 (9th Cir. 2020).[1]

**AFFIRMED.**

---

[1] We do not reach Uber's alternative argument that Title III of the ADA categorically excludes Uber from providing WAV service.